

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

**United States Bankruptcy Judge**

Signed August 25, 2010

|   |   |   |
|---|---|---|
| **Debtor** | § | |
| | § | |
| **THE GEO-GOLDENROD #2 #3 & #4 JOINT VENTURE** | § § § | |
| **Plaintiff** | § § | |
| VS. | § § | **Adversary No. 09-3222** |
| **HARTMUT ROSE, J & H ROSE, LTD., and THUERINGIA, LLC** | § § § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 17, 2009, Plaintiffs filed suit against Defendants in the 192nd Judicial District Court, Dallas County, Texas, Cause No. 09- 07674. Defendant, Thueringia, LLC, filed its bankruptcy petition July 14, 2009, and removed the state court suit to this Court on the same date.

The parties conducted discovery. Motions to dismiss and for summary judgement were filed by Defendants and denied. The Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1334 and 157. The Court held a trial on this proceeding on August 2-3, 2010, and now makes the following findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 7052:

## Findings of Fact

1. The Geo-Goldenrod #2 #3 & #4 Joint Venture ("Plaintiff" or "Joint Venture") was formed by a Venture Agreement of Plaintiff (the "Venture Agreement") signed on August 22, 2003, by Defendant Hartmut Rose ("Rose"), as President of The Geo Companies of North America, Inc. ("Geo North"), listed as the Manager of the Joint Venture, and investors in the Joint Venture.

2. Through an entity he controlled, Rose solicited investors for the Joint Venture through, in part, a Confidential Private Placement Memorandum for the Joint Venture (the "Memorandum").

3. The Memorandum provided that Geonatural Resources, Inc. ("Geonatural") would serve as the Operator of the Joint Venture and that Geonatural was an affiliate of Geo North. Geonatural and Geo North were owned, operated, and controlled by Rose.

4. Geonatural did serve as the operator of the Joint Venture.

5. The investors in the Joint Venture invested in excess of $1,000,000 in the Joint Venture, and the Joint Venture was fully subscribed.

6. The purpose of the Joint Venture was to explore for oil, gas, and other minerals on properties and mineral leases located in Jackson County, Texas.

7. By an Assignment of Oil and Gas Lease dated November 13, 2003, (the "November 2003 Lease Assignment"), Geonatural, on behalf of the Joint Venture, obtained an interest in an Oil, Gas and Mineral Lease dated March 31, 2003, on property located in Jackson County, Texas (the "Lease"). The Lease was executed between Calvin L. Shefcik and his wife, Catherine, in favor of Griffith Land Services, Inc.

8. Joint Venture funds were used to acquire the Lease.

9. Geo North, as Manager of the Joint Venture, arranged for Geonatural, as operator, to drill three (3) wells in Jackson County, Texas on behalf of the Joint Venture.

10. The wells were drilled on leases owned by the Joint Venture, but were unsuccessful.

11. By a Term Assignment of Oil, Gas and Mineral Lease dated September 10, 2005, Geonatural assigned the Lease to Cypress E&P Corporation ("Cypress"). That assignment provided that Geonatural retained a 5% overriding royalty in the Lease and the property in question.

12. By an Assignment of an Overriding Royalty Interest dated March 2, 2006 and effective February 2, 2006, Geonatural assigned, for $10, its 5% overriding royalty interest in the Lease to Defendant J&H Rose, Ltd. ("J&H").

13. Defendant Thueringia, LLC ("Thueringia") is the General Partner of J&H, and Rose is Thueringia's manager.

14. Rose formed J&H and Thueringia and owns 100% interest in both entities and controls them.

15. Upon obtaining the Lease from Geonatural, Cypress pooled the Lease with other leases properties and began drilling for gas. Cypress wells were successful and Cypress produced natural gas from the property covered by the Lease.

16. Royalties from the wells drilled by Cypress were paid to J&H.

17. J&H and/or Rose received $294,856.75, plus approximately $4,800 since February 2010 from Cypress, relating to the Lease and the overriding royalty. None of that amount has been distributed to the Joint Venture. *See*, Pl.'s Ex. 11.

18. Defendants did not advise Joint Venture about the disposition of the Lease, the assignments of the Lease by Geonatural to Cypress and the retention of the overriding royalty interest by

Geonatural, the assignment of the overriding royalty interest to J&H, the drilling activity undertaken by Cypress on the property covered by the Lease, or the royalty payments made to J&H by Cypress.

19. Cypress remains obligated to send, and is sending, royalty checks relating to the drilling activity undertaken on the Lease.

20. Some time in 2007, Geonatural made demand on the members of the Joint Venture seeking funds for alleged plugging activities. *See*, Defs.' Ex. 5. The members of the Joint Venture, except for one, did not pay. The Defendants therefore claim the members of the Joint Venture forfeited their interests in 2007. Geonatural is not a party to the Joint Venture Agreement. In addition, the kinds of assessments which might cause forfeiture of an interest are quite limited under the Memorandum. *See*, Pl.'s Ex. 3 at 3. The remedy for failure to pay development costs under the Venture Agreement is forfeiture of an interest in undeveloped property. *See*, Pl.'s Ex. 4 at. 2. Finally, the Venture Agreement had been breached by Geonatural by transfer of the lease.

21. The demands contained in Defendants' Exhibit 5 did not cause a forfeiture of the Joint Venture interests, as claimed by Defendants.

22. The testimony of Plaintiff's expert witness was credible and persuasive.

## Conclusions of Law

1. The Lease was acquired by Geonatural for the benefit of the Joint Venture.

2. Geonatural and Geo North were in a fiduciary relationship with the Joint Venture. *Fuqua v. Taylor,* 683 S.W.2d 735, 738 (Tex.App.–Dallas 1984, writ ref'd n.r.e.).

3. As officer of Geonatural and Geo North, Rose also had a fiduciary duty to the Joint Venture.

4. Rose breached his fiduciary duty to the Joint Venture.

5. Rose, J&H, and Thueringia caused Geo North and Geonatural to breach their fiduciary duties to the Joint Venture.

6. Defendants committed conversion of an asset of the Joint Venture by causing the Lease to be assigned to a third party and by Geonatural retaining an overriding royalty interest which was then assigned to J&H.

7. Alternatively, Rose breached his fiduciary duty to the Joint Venture, causing it damages equal to the amounts received under the overriding royalty interest which has been assigned to J&H.

8. Plaintiff is entitled to the sum of $294,849.64 (plus $4,800) in damages, representing the monies received by J&H from Cypress to date as a result of the overriding royalty interest in the Lease.

9. Plaintiff is entitled to receive all future distributions and payments from Cypress relating to the Lease and the overriding royalty interest.

10. The imposition of a constructive trust is an appropriate remedy in this case. A constructive should be imposed on the Defendants and the property in question in order for the Joint Venture to receive, collect and distribute all monies received from Cypress pursuant to the Lease. *See Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex.App.-San Antonio 2007, no pet.); *Troxel v. Bishop*, 201 S.W.3d 290, 297 (Tex.App.-Dallas 2006, no pet.).

11. A judgment will be entered against the Defendants for conversion, and against Rose for breach of fiduciary duty. A constructive trust shall be placed upon the overriding royalty for the benefit of the Joint Venture.

12. Plaintiff did not establish the elements of the other causes of action alleged in the removed petition, including tortious interference, and a judgment shall be entered for Defendants on all remaining causes of action.

13. Any finding of fact which is more properly deemed to be a conclusion of law is to be considered a conclusion of law, and any conclusion of law which is more properly deemed to be a finding of fact is to be considered a finding of fact.

14. Counsel for Plaintiff should prepare a judgment consistent with these findings and conclusions, and submit it within fourteen days of the entry of these findings and conclusions.

###End of Findings and Conclusions###